STEVENSON, C.J.
In this appeal, Frank Wodzisz, the seller in a land sales contract, challenges a final summary judgment ordering specific performance in favor of the buyer, Live Oak Land, LLC. Because genuine issues of material fact exist, we reverse.
The contract for this large, twenty-acre parcel of mostly unimproved land was subject to a rezoning contingency whereby the purchase price was subject to an upward adjustment based on the number of units for which zoning approval was obtained by Wodzisz. The $1,350,000 purchase price assumed zoning would be granted for twenty-eight residential units. Under the addendum, if only twenty-seven units were approved, the price would be $1,300,000 and if twenty-six or fewer units were approved, the price would be $1,250,000. Closing was to take place sixty days following the final rezoning of the property. Wodzisz demanded a closing prior to September 16, 2004, because he maintained that Live Oak waived the rezoning contingency on July 13, 2004, when following a Martin County Board of County Commissioners’ meeting, Joe Lelonek, a Live Oak principal, told him that “zoning has failed” and Live Oak “wanted to put ‘for sale’ signs on the property at that time.” The dispute ended in litigation when Live Oak refused to close prior to September 16, 2004, and maintained that the contingency was not waived until September 9, 2004, when Live Oak’s counsel sent Wodzisz an e-mail expressly waiving the development condition. In granting summary judgment, the trial court ruled in favor of Live Oak and granted specific performance. Because genuine issues of material fact exist concerning when the zoning contingency was waived and when the contract expired, we reverse. See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (noting that the court must draw every possible inference in favor of the party against whom summary judgment is sought).
*877 Lastly, Live Oak failed to present evidence that it was ready, willing and able to close prior to the expiration of the contract, and we reverse for this reason as well. While the “ready” and “willing” part of the test may well be satisfied by Live Oak’s October correspondence proposing the November 15, 2004 closing date, the “able” part requires more than a concluso-ry assertion. In order to establish a prima facie case, the party seeking specific performance must prove that it: a) had the needed cash on hand; b) had assets and a credit rating which would enable it with reasonable certainty to command the requisite funds at the requested time; or c) that it had a binding commitment for a loan from a financially able third party. See Hollywood Mall, Inc. v. Capozzi, 545 So.2d 918, 920-21 (Fla. 4th DCA 1989). Because Live Oak failed to present such prima facie proof, the order of summary judgment commanding specific performance was improper.

Reversed and Remanded.

WARNER and TAYLOR, JJ., concur.